IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: **8:26-cv-2545**

LUCKNER GENESCAR,

Plaintiff,

v.

WATER TOUCH LANDSCAPE
AND IRRIGATION LLC,
STESI SHANJA, individually,

Defendants.

______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
(Fair Labor Standards Act – Unpaid Overtime and Retaliation)

Plaintiff Luckner Genescar, by and through undersigned counsel, sues Defendants Water Touch Landscape and Irrigation LLC, Stesi Shanja, and alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA"), to recover unpaid overtime wages, unpaid wages for the final two weeks of employment, liquidated damages, and other relief arising from Defendants' willful failure to pay Plaintiff the overtime premium required by law and from Defendants' unlawful retaliation against Plaintiff for complaining about unpaid overtime.

## II. JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this District and Division under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in Hillsborough and Pasco Counties, Florida, and Defendants reside or conduct business here.

## III. PARTIES

4. Plaintiff Luckner Genescar is an individual who resides at 12507 Tinsley Terrace Drive, Apt. 52, Tampa, FL 33612. At all relevant times he was a non-exempt employee of Defendants.

5. Defendant Water Touch Landscape and Irrigation LLC is a Florida limited liability company that operates a landscaping and irrigation business with a principal place of business at 4135 Gall Blvd, Zephyrhills, FL 33542.

6. Defendant Stesi Shanja is an individual and owner/operator of the LLC. She exercised control over Plaintiff's work, hours, and compensation and is an "employer" under the FLSA.

7. At all relevant times the Defendants acted as joint employers of Plaintiff.

## IV. COVERAGE

**A. Enterprise Coverage**

9. At all times material, Defendants constituted an "enterprise engaged in

commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

10. Defendants performed related activities (landscaping, irrigation, paving, and pool renovation) through unified operation or common control and for a common business purpose.

11. Upon information and belief, Defendants had an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level.

12. At all times material, Defendants employed two or more employees who were engaged in commerce or in the production of goods for commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce. Such goods and materials included, without limitation, irrigation parts and equipment, paving materials, landscaping supplies, tools, fuel, and other products that originated outside Florida or otherwise moved in interstate commerce. Defendants employed approximately three employees, including Plaintiff.

**B. Individual Coverage**

13. Independently of enterprise coverage, Plaintiff was individually engaged in commerce within the meaning of 29 U.S.C. §§ 206 and 207.

14. In the regular course of his work, Plaintiff handled and installed irrigation

systems, paving materials, landscaping supplies, and related equipment that had traveled in interstate commerce. He also used tools, vehicles, fuel, and communications in connection with jobs performed for Defendants' customers. These activities were a regular and recurrent part of Plaintiff's job, not isolated or sporadic. Individual coverage is therefore independently pleaded.

## V. FACTUAL ALLEGATIONS

15. Plaintiff was employed by Defendants from approximately June 1, 2024, through August 15/16, 2025 (approximately 63 weeks).
16. Plaintiff's job title was "paver." His duties included paving, landscaping, irrigation work, and pool renovation at various jobsites.
17. Plaintiff was paid a flat day rate of $150 per day. Payment was made by check or Zelle. Plaintiff never received paystubs.
18. Defendants required Plaintiff to work the following schedule:
    - Monday–Friday: 7:30 a.m. to 7:30 p.m. (12 hours × 5 days = 60 hours per week);
    - Saturday and Sunday twice per month: 7:30 a.m. to 7:30 p.m. (12 hours × 2 days = 24 additional hours).
    - Thus, Plaintiff worked approximately 31 weeks of 60 hours and 31 weeks of 84 hours, plus two final unpaid 84-hour weeks.
19. Plaintiff was never given a bona fide uninterrupted lunch break.

20. Defendants maintained no time records, required no clock-in/out, and posted no FLSA posters.

21. Plaintiff regularly worked more than 40 hours per workweek and was never paid the required overtime premium of one-and-one-half times his regular rate for hours worked over 40.

22. For the final two weeks of employment, Defendants failed to pay Plaintiff any wages at all. Each of those weeks was an 84-hour workweek.

23. Plaintiff complained about unpaid overtime at least once per month. Andres repeatedly threatened Plaintiff that he had "no right" to ask for overtime and that if he continued to complain Andres would call the Sheriff and have him arrested.

24. On August 15, 2025, after Plaintiff had already worked approximately 11 hours, Andres directed him to stay until 8:00 p.m. Plaintiff stated he was tired and was not being paid overtime. The next day, August 16, 2025, Andres terminated Plaintiff's employment because of the overtime complaints.

## VI. WAGE CALCULATIONS

25. These are preliminary calculations based on the evidence currently available to Plaintiff, including Plaintiff's recollection of his schedule, day rate, and periods of nonpayment. Defendants failed to keep required time and payroll records.

The amounts alleged are estimates and will be refined after discovery of Defendants' records and any additional evidence.

26. Plaintiff was paid a day rate of $150. Using a 12-hour workday, the regular rate is $12.50 per hour. Under the FLSA, the overtime premium due is one-half the regular rate ($6.25) multiplied by the number of hours worked over 40 in each workweek.

**Overtime premiums owed (Count I):**

- 31 weeks of 60 hours (20 overtime hours each):

  20 hours × $6.25 = $125 per week × 31 weeks = $3,875.00

- 31 weeks of 84 hours (44 overtime hours each):

  44 hours × $6.25 = $275 per week × 31 weeks = $8,525.00

- 2 unpaid weeks of 84 hours (44 overtime hours each)

  44 hours × $6.25 = $275 per week × 2 weeks = $550.00

- Total overtime premiums: $12,950.00

**Minimum wages owed for the two unpaid weeks (Count II):**

- 84 hours × $7.25 per hour × 2 weeks = $1,218.00

Total unpaid FLSA wages alleged at this time: $12,950.00 + $1,218.00 = $14,168.00

Plaintiff also seeks an equal amount as liquidated damages under 29 U.S.C. § 216(b).

Defendants' violations were willful.

**COUNT I**
**Failure to Pay Overtime**
(29 U.S.C. § 207)

27. Plaintiff realleges paragraphs 1–26.

28. Defendants failed to pay Plaintiff one-and-one-half times his regular rate for all hours worked over 40 in a workweek throughout his employment, including the final two weeks.

29. Defendants are jointly and severally liable for unpaid overtime wages of at least $12,950.00, an equal amount as liquidated damages, prejudgment interest, attorneys' fees, and costs.

**COUNT II**
**Failure to Pay Minimum Wage**
**(29 U.S.C. § 206)**

30. Plaintiff realleges paragraphs 1–26.

31. For Plaintiff's final two workweeks, Defendants paid Plaintiff nothing.

32. Each of those workweeks consisted of approximately 84 hours.

33. Defendants therefore failed to pay Plaintiff the federal minimum wage of $7.25 per hour for all hours worked in those weeks.

34. The unpaid minimum wages total at least $1,218.00 (84 hours × $7.25 × 2 weeks).

35. Defendants are jointly and severally liable for those unpaid minimum wages,

an equal amount as liquidated damages, prejudgment interest, attorneys' fees, and costs.

**COUNT III**
**Retaliation**
(29 U.S.C. § 215(a)(3))

36. Plaintiff realleges paragraphs 1–26.

37. Plaintiff engaged in protected activity by complaining about unpaid overtime.

38. Defendants terminated Plaintiff's employment because of that protected activity.

39. Plaintiff is entitled to back pay, front pay or reinstatement, compensatory damages, liquidated damages, and other relief.

VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment against Defendants, jointly and severally, for unpaid overtime wages of at least $12,950.00 and unpaid minimum wages of at least $1,218.00 (total unpaid wages of at least $14,168.00), subject to proof and refinement after discovery;

B. Award an equal amount as liquidated damages;

C. Award damages for retaliation, including back pay, front pay or reinstatement, and compensatory damages;

D. Award reasonable attorneys' fees and costs under 29 U.S.C. § 216(b);

E. Award prejudgment and post-judgment interest;

F. Grant such other and further relief as the Court deems just and proper; and

G. Demand a trial by jury on all issues so triable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

## Designation of Lead Counsel

Pursuant to Local Rule 2.02(a), Plaintiff designates Alexis Mena-Glasgow, Esq. as Lead Counsel.

Dated: September 1, 2026

Respectfully Submitted,

By: /s/ Alexis Mena-Glasgow
Alexis Mena-Glasgow, Esq.
Florida Bar No. 117839
Simpson & Mena, P.A.
2250 SW 3rd Avenue, Suite 501
Miami, Florida 33129
Telephone: (305) 912-7665
Email: alexis@simpsonmenalaw.com